UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CR-82 DRL |
| ARSENIO HARRISON, | |
| Defendant. | |

OPINION AND ORDER

On July 16, 2024, this court denied Arsenio Harrison's motion to vacate his sentence under 28 U.S.C. § 2255. On August 1, 2024, Mr. Harrison filed a motion to reconsider the court's order and judgment and a letter asking about documents he requested. He then filed a notice of appeal, but this court retains jurisdiction under Federal Rule of Appellate Procedure 4(a)(4)(B)(i) to rule on the reconsideration request.

Mr. Harrison's motion argues that the court erroneously applied the law. The court construes this as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Under this rule, a court may amend a judgment "no later than 28 days" after its entry "if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Id.* at 494.

Mr. Harrison argues that "there is no statute of limitation for an illegal sentence" because an "illegal sentence can be addressed at any time." This is incorrect. Mr. Harrison challenged his sentence under 28 U.S.C. § 2255. Congress imposed a statute of limitations for § 2255 challenges in subsection (f): a "1-year period of limitation shall apply." As Mr. Harrison did not pursue a direct appeal, his opportunity for a collateral challenge expired one year after his "judgment of conviction bec[ame] final" on June 23, 2022 [41]. *See* 28 U.S.C. § 2255(f)(1). Mr. Harrison's motion comes more than two

years after that date, and he gives no reason that his limitation period should run from a later date. Thus, his request is untimely.

Mr. Harrison provides no other permissible basis for relief. Moreover, a petitioner may not use Rule 59(e) "to raise arguments … that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Finally, concerning Mr. Harrison's letter stating that he is yet to receive requested documents [62], the clerk mailed his plea agreement, judgment, and docket sheet to the warden at Big Sandy USP where he is housed on July 17, 2024.

Accordingly, the court DENIES the motion to reconsider [61].

SO ORDERED.

August 26, 2024                              *s/ Damon R. Leichty*
                                              Judge, United States District Court